IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOEMON D. HIGDON,** | : | CIVIL ACTION NO. 1:20-CV-221 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SCOTT FINLEY,** | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2241 in which petitioner Joemon D. Higdon seeks to vacate his conviction and sentence for unlawful possession of a firearm based on the Supreme Court's decision in Rehaif v. United States, 588 U.S. __, 139 S. Ct. 2191 (2019). We will deny the petition for writ of habeas corpus with prejudice.

**I.      Factual Background & Procedural History**

Following a jury trial in the United States District Court for the Eastern District of Pennsylvania, Higdon was convicted of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g) in 2011. United States v. Higdon, No. 2:09-CR-742 (E.D. Pa. judgment entered Sept. 8, 2011). The court sentenced Higdon to 240 months imprisonment on September 8, 2011. Id. Higdon appealed to the United States Court of Appeals for the Third Circuit, which affirmed the judgment of sentence on August 16, 2012. United States v. Higdon, 493 F. App'x 261, 265 (3d Cir. 2012). Higdon filed a petition for writ of certiorari to the United State Supreme

Court, which was denied on October 29, 2012.  Higdon v. United States, 568 U.S. 990 (2012).

On October 23, 2013, Higdon moved to vacate, set aside, or correct the judgment pursuant to 28 U.S.C. § 2255.  Higdon, No. 2:09-CR-742, Doc. 139.  The Eastern District denied the motion on July 31, 2014.  Id. Doc. 159.  Higdon applied for a certificate of appealability to the Third Circuit, but the request was denied on June 11, 2015.  United States v. Higdon, No. 14-4021 (3d Cir. June 11, 2015).  Higdon subsequently moved for leave to file a second or successive § 2255 motion to challenge his conviction in light of the Supreme Court's holdings in Johnson v. United States, 576 U.S. 591 (2015) and Welch v. United States, 578 U.S. 120 (2016).  The Third Circuit granted the motion on July 6, 2016, see In re Higdon, No. 16-2301 (3d Cir. July 6, 2016), and Higdon's second § 2255 motion was subsequently filed in the Eastern District.  Higdon then withdrew the motion on November 13, 2018, and the court dismissed the § 2255 motion on November 26, 2018.  Higdon, No. 2:09-CR-742, Docs. 170, 171.

Higdon filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 on February 7, 2020.  In the petition, Higdon asserts that his conviction for unlawful possession of a firearm is unlawful under the Supreme Court's holding in Rehaif, 139 S. Ct. at 2191.  Briefing on the petition is complete and it is ripe for the court's disposition.

**II.   Savings Clause**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral

2

challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the savings clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective." Id. at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)); 28 U.S.C. § 2255(e)).

To demonstrate that a § 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Significantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In Dorsainvil, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity to

3

challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Higdon's petition challenges his conviction based on the Supreme Court's holding in <u>Rehaif</u>, 139 S. Ct. at 2191. Respondent concedes that Higdon may bring this claim pursuant to the Third Circuit's holding in <u>Dorsainvil</u>, given that Higdon had already filed a § 2255 motion by the time <u>Rehaif</u> was decided in 2019. We agree. Accordingly, we will proceed to the merits of Higdon's petition.

### III. **Discussion**

Higdon's petition challenges his conviction for unlawful possession of a firearm under 18 U.S.C. § 922(g). Section 922(g) states that it is unlawful for any person who has been convicted of a crime "punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). Individuals who "knowingly" violate this provision are subject to criminal penalties. 18 U.S.C. § 924(a)(2).

In <u>Rehaif</u>, the Supreme Court clarified the *mens rea* that is necessary for a criminal defendant to knowingly violate § 922(g). 139 S. Ct. at 2194. The Court held that the word "knowingly" applies to both the defendant's conduct and the defendant's status. <u>Id.</u> Thus, for the defendant to be convicted, the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." <u>Id.</u> In other words, "[i]n felon-in-possession cases after <u>Rehaif</u>, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when

4

he possessed the firearm." Greer v. United States, 593 U.S. __, 141 S. Ct. 2090, 2095 (2021) (emphasis in original).

Petitioners seeking relief based on Rehaif's knowledge of status requirement face a high bar because "convicted felons ordinarily know that they are convicted felons." See id. at 2095, 2097.  For this reason, petitioners who have been found guilty of unlawful possession of a firearm in violation of § 922(g) must establish a reasonable probability that they would have been acquitted if the jury had been advised of the correct *mens rea* standard.  Cf. id. at 2097 (noting that criminal defendant seeking relief based on Rehaif on direct appeal from his conviction "has the burden of showing that, if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted."); see also Abrams v. McConnell, 3 F.4th 783, 786 (5th Cir. 2021) (applying Greer to habeas corpus petition brought under 28 U.S.C. § 2241); Cartman v. Finley, No. 1:20-CV-432, 2021 WL 2682034, at *4 (M.D. Pa. June 30, 2021) (same).

In this case, Higdon acknowledges that he had prior convictions that were punishable by a term of imprisonment exceeding one year and that he was aware of this fact when he possessed a firearm, see Doc. 2 at 12, but he argues that he did not have the requisite *mens rea* under Rehaif because he thought all of his civil rights—including the right to possess a firearm—were restored when he was released from prison. (Doc. 2 at 13-14).  Higdon bases this argument on the language of 18 U.S.C. § 921(a)(20), which limits the definition of a "crime punishable by imprisonment for a term exceeding one year" for purposes of § 922(g) as follows:

5

> **(20)** The term "crime punishable by imprisonment for a term exceeding one year" does not include—
>
> > **(A)** any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
> >
> > **(B)** any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
>
> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Higdon argues that "if a defendant has never been told that his civil rights have not been restored or that state law denies him the right to possess a firearm especially if he has a colorable basis for thinking otherwise – he simply cannot possess the 'guilty state of mind' that Rehaif requires in order bring him within the ambit of the class defined by 18 U.S.C § 922(g)(l)'s 'crime punishable by imprisonment for a term exceeding one year.'" (Doc. 2 at 12). Thus, Higdon argues, because he "was never told and was not aware that any federal law related to his right to possess guns," he did not have the requisite *mens rea* to be convicted under § 922(g).

Higdon's argument is without merit. In Rehaif, the Supreme Court held that the statutory *mens rea* requirement under 18 U.S.C. § 924(e)(2), which states that "[w]hoever knowingly violates . . . section 922" is subject to criminal penalties, applies to both the conduct and the status requirements of § 922. Rehaif, 139 S. Ct.

6

at 2194.  Thus, to be convicted of unlawful possession of a firearm in violation of § 922(g)(1), a defendant must (a) knowingly possess a firearm and (b) know that he "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 922(g)(1); see also Greer, 141 S. Ct. at 2095 ("In felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." (emphasis in original)).  By its terms, the statute does not require the defendant to know that his status prohibited him from possessing a firearm; it simply requires the defendant to knowingly possess a firearm and to know that he had previously been convicted of a felony at the time he did so.  See 18 U.S.C. § 922(g)(1); United States v. Boyd, 999 F.3d 171, 182 (3d Cir. 2021) (noting that Rehaif does not require proof that the defendant knew he "could not legally possess a firearm," it only requires proof that the defendant knew he was in the relevant category).[1]  Higdon's argument accordingly fails because, as he readily concedes,

---

[1] See also United States v. Bowens, 938 F.3d 790 (6th Cir. 2019) (noting that the government "must prove that defendants knew they were unlawful users of a controlled substance, but not, as defendants appear to argue, that they knew unlawful users of controlled substances were prohibited from possessing firearms under federal law"); Cartman, 2021 WL 2682034, at *4 ("Importantly, the government was not required to prove that Cartman specifically knew that he was prohibited from possessing firearms"); Mueller v. White, No. 4:19-CV-1751, 2021 WL 1516471, at *4 (M.D. Pa. Apr. 16, 2021) (Brann, J.); (holding that Rehaif does not require "proof that the defendant specifically knew that he was prohibited from possessing firearms"); accord Varner v. White, No. 4:19-CV-1667, 2021 WL 1517848, at *3 (M.D. Pa. Apr. 16, 2021) (Brann, J.); Oscar v. Warden, USP-Allenwood, No. 3:19-CV-1800, 2020 WL 4934668, at *2 (M.D. Pa. Aug. 24, 2020) (Mannion, J.) Guerrero v. Quay, No. 1:20-CV-39, 2020 WL 4226566, at *4 (M.D. Pa. July 23, 2020) (Rambo, J.).

(see Doc. 2 at 12), he knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed a firearm.

We briefly address two other arguments that can be gleaned from Higdon's petition when it is given a liberal construction. First, Higdon appears to argue that his conviction was unlawful because he was never told that his prior offense "was not an offense 'pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices.'" (See Doc. 2 at 8-9 (quoting 18 U.S.C. § 921(a)(20))). Second, Higdon appears to argue that his conviction for unlawful possession of a firearm was unlawful because his civil rights were restored prior to his possession of the firearm. (See id. at 14). Higdon does not make any argument as to why a § 2255 motion would be inadequate or ineffective to adjudicate these arguments, and unlike his Rehaif argument, they do not fall within the In re Dorsainvil exception. Accordingly, we will reject these arguments.

### IV. Conclusion

We will deny Higdon's petition (Doc. 1) for writ of habeas corpus with prejudice. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:   October 15, 2021